**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RODRICK MAURICE BRAYBOY,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 24-CV-2604** |
| | : | |
| **DEPARTMENT OF JUSTICE,** *et al.* | : | |
| **Defendants.** | : | |

<u>**MEMORANDUM OPINION**</u>

**GOLDBERG, J.**                                                                    **July 19, 2024**

Plaintiff Rodrick Maurice Brayboy, a convicted state prisoner in custody in SCI Mahanoy, filed this civil action against the United States Department of Justice and Attorney General Merrick Garland. Brayboy seeks leave to proceed in forma pauperis. Because Brayboy has obtained three prior "strikes" and has not alleged an imminent danger of serious physical injury pursuant to 28 U.S.C. § 1915(g), I will deny leave to proceed in forma pauperis and require that Brayboy pay the full filing fee if he wishes to continue with the case.

**I.      FACTUAL ALLEGATIONS**

Brayboy asserts claims for money damages and injunctive relief against the Defendants. (Compl. at 6.) He alleges that the Defendants violated his due process and equal protection rights under the Fourteenth Amendment by failing to investigate complaints he filed with the Department of Justice via email and telephone. (<u>Id.</u> at 4-6.) He also complains of "unauthorized lawsuits being filed in [his] name and libel from [his] face and info being put on [the] internet." (<u>Id.</u> at 6.)

**II.      STANDARD OF REVIEW**

The in forma pauperis statute, 28 U.S.C. § 1915, allows indigent litigants to bring an action in federal court without prepayment of filing fees, ensuring that such persons are not prevented

"from pursuing meaningful litigation" because of their indigence. Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3d Cir. 2001) (en banc) (internal quotation marks omitted). But, as Congress has recognized, people who obtain in forma pauperis status are "not subject to the same economic disincentives to filing meritless cases that face other civil litigants," and thus the provision is susceptible to abuse. Id. (citing 141 Cong. Rec. S7498-01, S7526 (daily ed. May 25, 1995) (statement of Sen. Kyl)).

"[I]n response to the tide of substantively meritless prisoner claims that have swamped the federal courts," Congress enacted the Prison Litigation Reform Act ("PLRA") in 1996. Ball v. Famiglio, 726 F.3d 448, 452 (3d Cir. 2013) (quoting Shane v. Fauver, 213 F.3d 113, 117 (3d Cir. 2000)) (internal quotation marks omitted), abrogated in part on other grounds by Coleman v. Tollefson, 135 S. Ct. 1759, 1763 (2015). Among other things, the PLRA implemented the so-called "three strikes rule," which provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g) (emphasis added). Put more simply, under the PLRA, a prisoner with three prior "strikes" can proceed in forma pauperis only if he is in imminent danger of serious physical injury. Courts must consider a pro se prisoner's allegations of imminent danger "under our liberal pleading rules, construing all allegations in favor of the complainant." Gibbs v. Cross, 160 F.3d 962, 966 (3d Cir. 1998).

According to § 1915(g), a prisoner who on three or more prior occasions while incarcerated has filed an action or appeal in federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, must be denied in forma pauperis status

unless he was in imminent danger of serious physical injury at the time that the complaint was filed. Abdul-Akbar, 239 F.3d at 310-11. A strike under § 1915(g) "will accrue only if the entire action or appeal is (1) dismissed explicitly because it is 'frivolous,' 'malicious,' or 'fails to state a claim' or (2) dismissed pursuant to a statutory provision or rule that is limited solely to dismissals for such reasons, including (but not necessarily limited to) 28 U.S.C. §§ 1915A(b)(1), 1915(e)(2)(B)(i), 1915(e)(2)(B)(ii), or Rule 12(b)(6) of the Federal Rules of Civil Procedure." Byrd v. Shannon, 715 F.3d 117, 126 (3d Cir. 2013). "A strike-call under Section 1915(g) . . . hinges exclusively on the basis for the dismissal, regardless of the decision's prejudicial effect." Lomax v. Ortiz-Marquez, 140 S. Ct. 1721, 1724-25 (2020), abrogating Millhouse v. Heath, 866 F.3d 152, 161 (3d Cir. 2017).

## III.    "THREE-STRIKE" ANALYSIS

### A.    Brayboy Has Accumulated Three Strikes.

I conclude that Brayboy has accumulated at least three strikes for purposes of § 1915(g). In Brayboy v. Pagano, No. 21-4247 (E.D. Pa.), Brayboy's claims for violations of his constitutional rights under the Fourth, Sixth, Eighth, and Fourteenth Amendments based on events during his criminal trial were dismissed on April 20, 2022, in part with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and in part without prejudice because they were barred under Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (explaining that "to recover damages [or other relief] for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus"). (See No. 21-4247,

ECF No. 13 at 9.) The dismissal of this case on April 20, 2022 in its entirety, in part on enumerated statutory grounds and in part pursuant to <u>Heck</u>, constitutes a strike under § 1915(g). <u>See</u> <u>Garrett v. Murphy</u>, 17 F.4th 419, 427 (3d Cir. 2021) ("We now join the Fifth, Tenth, and D.C. Circuits in holding that the dismissal of an action for failure to meet <u>Heck</u>'s favorable-termination requirement counts as a PLRA strike for failure to state a claim. We do so for a simple reason: Any other rule is incompatible with <u>Heck</u>.").

In <u>Brayboy v. Gov't Juris. Off.</u>, No. 23-4975 (E.D. Pa.), Brayboy's claims for false arrest, false imprisonment, and due process violations were dismissed with prejudice on March 7, 2024, for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), because they were facially untimely. (<u>Id.</u>, ECF No. 13 at 3, 5.) The dismissal of this case in its entirety constitutes a strike for purposes of § 1915(g).

In <u>Brayboy v. Magistrate Judge Lynne Sitarski</u>, No. 24-1087 (E.D. Pa.), Brayboy's Complaint that sought to challenge actions taken in his separate habeas corpus proceeding was dismissed with prejudice on May 29, 2024, for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). (<u>Id.</u>, ECF No. 6 at 7.) The dismissal of this case in its entirety constitutes a strike for purposes of § 1915(g).

In <u>Brayboy v. Kullner</u>, No. 23-1651 (M.D. Pa.), in a memorandum and order filed December 4, 2023, the Court screened and dismissed Brayboy's due process claims under the Fourteenth Amendment with prejudice and his access-to-courts claim under the First Amendment without prejudice to amendment, pursuant to 28 U.S.C. § 1915A(b)(1). (<u>Id.</u>, ECF No. 12 at 10-11.) Then, on January 26, 2024, when Brayboy failed to file an amended complaint within the time allowed, even after being provided extensions of time to do so, his remaining claim was dismissed

4

with prejudice under § 1915A(b)(1). (Id., ECF No. 20.) In combination, these Orders dismissed all claims in the case with prejudice and constitute a strike for purposes of § 1915(g).

### B.     Brayboy Does Not Allege Imminent Danger.

Because Brayboy has accumulated three strikes, he is "out" and can no longer proceed in forma pauperis in any federal court unless he can show that he is in imminent danger of serious physical injury at the time he brought his Complaint. The "imminent danger" exception to the three-strikes rule serves as a "safety valve" to ensure that a prisoner is not subject to serious injury due to his inability to pay a filing fee. Ball, 726 F.3d at 467. It "creates a narrow opening for a particular type of claim; it does not give prisoners . . . a license to swamp the court with claims whenever they successfully state a claim of imminent danger." Brown v. Lyons, 977 F. Supp. 2d 475, 481-82 (E.D. Pa. 2013) (citing Pettus v. Morgenthau, 554 F.3d 293, 297 (2d Cir. 2009)). "Imminent dangers are those dangers which are about to occur at any moment or are impending." Abdul-Akbar, 239 F.3d at 315 (internal quotation marks omitted). Past dangers are not imminent dangers. See Ball, 726 F.3d at 467. Vague, general, or conclusory allegations are likewise insufficient to establish that a plaintiff is in imminent danger. Id. Finally, "there must be a nexus between the imminent danger a three-strikes prisoner alleges to obtain IFP status and the legal claims asserted in his complaint." Pettus, 554 F.3d at 297; see also Ball v. Hummel, 577 F. App'x 96, 98 n.1 (3d Cir. 2014) (per curiam). In other words, the claimed imminent danger must relate to the legal claims the prisoner pursues. Id.; see also Brown v. U.S. Dist. Ct., No. 13-7229, 2014 WL 1225878, at *1 (E.D. Pa. Mar. 25, 2014) ("In short, § 1915(g) requires two things: the allegation of imminent danger and a claim for relief that if granted will preclude the danger from becoming a reality.").

I find that Brayboy's allegations do not meet the imminent danger standard of Section 1915(g). Brayboy does not explicitly assert that he is in imminent danger, nor do his allegations about the lack of investigation into his civilian complaints rise to such a level. Because there is no suggestion in any of his claims concerning imminent danger of serious physical injury at the time he brought this case, I find that the imminent danger exception does not apply.

## IV.   CONCLUSION

Because Brayboy is a "three-striker" who is prohibited from proceeding in forma pauperis unless he is in imminent danger of serious physical injury at the time of filing, and since he was not in imminent danger when he submitted this Complaint, I will deny Brayboy's motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(g). Should Brayboy desire to litigate his claims, he must pay the full filing fee in advance. An appropriate Order follows, which gives Brayboy an opportunity to pay the fees in the event he seeks to proceed with this case.[1]

---

[1] If Brayboy pays the filing fee, since he is a prisoner, the case is still subject to statutory screening pursuant to 28 U.S.C. § 1915A.